9197

*EX PARTE* SIDNEY STANTON JONES.

*IN RE* ESTATE OF JESSE JONES.

(86 S. E. 203.)

ADMINISTRATORS.   COURTS.   JURISDICTION.   PROCESS AND PROCEDURE.

1. COURTS—JURISDICTION.—Where a Court once acquires jurisdiction of a cause, it retains it until the record shows it is lost.

2. ADMINISTRATORS.—APPOINTMENT AND REMOVAL.—The probate Court having by issuance of citation acquired jurisdiction, and appointed an administrator, may remove him upon notice and petition in the cause.

3. APPEAL AND ERROR—PARTIES.—A nephew, who is neither a distributee nor creditor of his uncle's estate, cannot question the appointment of an administrator thereof.

Before WILSON, J., Bennettsville, November, 1914.   Affirmed.

Appeal by Hamp Jones, former administrator of the estate of Jesse Jones, deceased, from an order removing him, as such administrator, and appointing Sidney Stanton Jones in his stead.

*Messrs. A. L. Hamer* and *Townsend & Rogers,* for appellant, submit: *The act of appointing an administrator is a judicial act, and must be assumed to have been rightly rendered until the contrary appears:* 28 S. C. 283.   *The first grant of administration confers something like a vested interest, and is conclusive of the right:* 6 Rich. E. 380.   *The proper way to revoke administration is by appeal from the judgment of probate Judge to the Circuit Court:* 3 Brevard 520; 38 S. C. 47; 19 A. & E. Enc. of L. (1st ed.) 205. *Necessity of citation before new appointment:* Code, sec. 3609; 69 S. C. 46; 17 S. C. 33; 12 Ga. 56; 117 Ga. 723.

*Mr. D. D. McColl,* for respondent, cites: *As to jurisdiction of probate Court:* Code, Civ. Proc., sec. 42; 11 Enc. of L. (2d ed.) 815; 18 Cyc. 151, 152.   *Revocation of letters:*

2 Hill L. 347; Dudley L. 336; 2 Strob. L. 337; 17 S. C. 32; 38 S. C. 47; 33 S. C. 442; 28 S. C. 281. *Appeal:* 38 S. C. 41. *No right to trial of issues by jury, where party does not comply with C. C. rule 28:* 4 S. C. 44; 33 S. C. 447; 35 S. C. 420; 37 S. C. 168; 84 S. C. 447.

September 15, 1915.

The opinion of the Court was delivered by Mr. Justice Fraser.

This is a proceeding commenced in the probate Court for Marlboro county.

One, Jesse Jones, died and his nephew, Hamp Jones, applied for and obtained letters of administration on his estate, soon after his death.

The petition alleged that the deceased died leaving as his only heirs at law two sisters, Nellie Jones and Katie Ann Quick, and that Hamp Jones is a son of Nellie Jones.

The record shows that the regular citation was issued, and, no one appearing to oppose his appointment, the Judge of probate appointed Hamp Jones administrator on the 17th day of March, 1914. On the 21st of March, four days later, the respondent, Sidney Stanton Jones, claiming to be a son of the deceased, filed a petition in said probate Court praying that the letters of administration granted to Hamp Jones be revoked, and that letters of administration be granted to him. Sidney Stanton Jones also filed notice of appeal from the order appointing Hamp Jones administrator. Notice of the petition was served on Hamp Jones and he was ordered by the Judge of probate to show cause why his appointment should not be revoked. "This summons was served upon Hamp Jones and no one else, and no citation was ever issued or published in the matter, save and except the original citation issued upon the petition of Hamp Jones, as aforesaid. Hamp Jones appeared before the Judge of probate in person, and by counsel, on the 14th day of April, 1914, as required in the summons served upon him,

and entered a general denial of the facts stated in the petition filed by the said Sidney Stanton Jones, specifically denying that the said Sidney Jones was the son of decedent, and objected to the hearing being had before the Judge of probate until the brothers and sisters and the creditors of the decedent were made parties to the proceeding, contending that they were vitally interested, and necessary parties for the determination of the issue raised, and were entitled to be heard and represented by counsel on the trial of the issue as to who were, and who were not, the heirs at law of the decedent; and objected further on the ground that the proper remedy for the petitioner, Sidney Stanton Jones, was by appeal, and that notice of appeal having been given to the Circuit Court, that the probate Court had been ousted of jurisdiction. The Judge of probate overruled all of these objections, and allowed the attorney for the petitioner, Sidney Stanton Jones, over the protest of the attorney for Hamp Jones, to withdraw the notice of appeal to the Circuit Court, and proceeded to take testimony offered on the behalf of the petitioner, Sidney Stanton Jones, and of Hamp Jones.

It was not deemed necessary to publish the testimony in full, which is voluminous and not essential to the determination of the question raised. It is conceded that the testimony shows that the wife of Jesse Jones, subsequent to the birth of Sidney Stanton Jones, who was her first child, and while she was living separate and apart from her husband, and several years after the birth of Sidney Stanton Jones, gave birth to another child, who is now living, and is known as John Quick. It is further admitted that some years subsequent to the birth of John Quick, she contracted matrimony with one John Wallace and lived with him as his wife until her death, and had several children by him. It is further admitted that soon after the birth of Sidney Stanton Jones, his mother took him with her to her father's home in Marlboro county, where she resided until she intermarried with Wallace, and that the said child was always known and

recognized by the name of Sidney Stanton, and was never called Jones until after he filed his petition herein. Her maiden name was Stanton."

The order of the probate Court states:

"By agreement of attorneys representing said Sidney Stanton Jones and the administrator, Hamp Jones, it was agreed that a hearing upon the question of revocation should be had before me, in my office, on the 14th day of April, 1914, at which time the said parties, together with their counsel and a large number of witnesses, appeared in my office."

The Judge of probate revoked the appointment of Hamp Jones and appointed Sidney Stanton Jones administrator. From this decision Hamp Jones appealed to the Court of Common Pleas. That Court affirmed the probate Court, and this appeal is from the judgment affirming the judgment of the probate Court.

There are six exceptions, but they raise substantially two questions:

1. The jurisdiction of the probate Court to proceed with the hearing after notice of appeal had been served.

2. The right of the probate Court to proceed with the case without a new citation.

1    Did the probate Court have jurisdiction after notice of appeal?

The exception that raises this question can not be sustained. The notice of appeal was withdrawn. There is nothing in the record to show that the "return" had been filed so as to give the Court of Common Pleas jurisdiction. The Court of probate started with jurisdiction, and that jurisdiction continues until the record shows that it is lost.

The record does not show it.

2    Was a new citation necessary?

The statute requires a citation before it can appoint an administrator, but not before it can remove one. The notice under which the administrator appeared, was a notice

of proceedings to remove the administrator and not to appoint one. If the order of the probate Court went too far, and appointed a new administrator, the appellant has no right to complain unless he is injured thereby.

Code of Civil Procedure, sec. 63, provides:

"Any person interested in any final order, sentence, or decree of any probate Court, and considering himself injured thereby, may appeal therefrom to the Circuit Court in the same county, at the stated session next after such appeal. The grounds of appeal shall be filed in the office of the probate Court, and a copy thereof served on the adverse party, within fifteen days after notice of the decision appealed from."

The probate Court had the right to remove the administrator. The record fails to show how appellant was injured by the new appointment. The appellant was certainly a party. The fact that Sidney Stanton Jones is the son of the deceased, was found by the probate Judge, affirmed by Judge Wilson, and that finding not appealed from, is fixed, so far as appellant is concerned. As between these parties, it is *res judicata* that there is a son applying and the probate Judge had the right to remove the nephew.

The record shows that Hamp Jones is not injured as a relative, his mother being alive. The record does not show that appellant is a creditor.

The exceptions are overruled and the judgment affirmed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. JUSTICE HYDRICK dissents.